UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELLE L. WEBSTER,

                              Plaintiff,

                                                         Case # 15-CV-859-FPG

v.

                                                         DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

          Michelle L. Webster ("Webster" or "Plaintiff") brings this action pursuant to the Social

Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of

Social Security ("the Commissioner") that denied her application for disability insurance benefits

("DIB") under Title II of the Act.  ECF No. 1.  This Court has jurisdiction over this action under

42 U.S.C. § 405(g).

          Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  ECF Nos. 9, 12.  For the reasons stated below, this Court finds

that the Commissioner's decision is not in accordance with the applicable legal standards.

Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this

matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

          On January 7, 2011, Webster applied for DIB with the Social Security Administration

("the SSA").  Tr.[1] 234-35.  She alleged that she had been disabled since February 10, 2010, due

to bipolar disorder, anxiety, obsessive compulsive disorder ("OCD"), post-traumatic stress

disorder ("PTSD"), and a spinal impairment.  Tr. 254.  After her application was denied at the

---

[1]          References to "Tr." are to the administrative record in this matter.

initial administrative level, a hearing was held via videoconference before Administrative Law Judge Nancy G. Pasiecznik ("the ALJ") on March 26, 2013, in which the ALJ considered Webster's application *de novo*. Tr. 132-74. Webster appeared at the hearing with her attorney and testified. *Id.* At the hearing, Webster agreed to amend her alleged disability onset date to July 15, 2010. Tr. 173. On May 31, 2014, the ALJ issued a decision finding that Webster was not disabled within the meaning of the Act. Tr. 101-27. On July 24, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Webster's request for review. Tr. 1-5. Thereafter, Webster commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.      Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).  The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's decision analyzed Webster's claim for benefits under the process described above.  At step one, the ALJ found that Webster had not engaged in substantial gainful activity since the amended alleged onset date.  Tr. 106.  At step two, the ALJ found that Webster has the following severe impairments: mild degenerative disc disease of the lumbosacral spine with disc space narrowing; a laterally ruptured disc; diagnosis of enthesopathy of the hip region versus myofascial pain syndrome with sacroiliac joint region, scapular, and spinal pain/mechanical pain syndrome of the cervical, thoracic, and lumbosacral spine; facet joint pain of the lumbosacral region; and bipolar, depressive, and anxiety disorders.  Tr. 106-08.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 108-113.

Next, the ALJ determined that Webster retained the RFC to perform light work[2] but with additional nonexertional limitations.  Tr. 113-25.  Specifically, the ALJ found that Webster can lift, carry, push, and pull up to 20 pounds occasionally and 10 pound frequently; sit for two hours at a time and up to eight hours total in an eight-hour workday with normal breaks; and stand,

---

[2]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

walk, and perform a combination of standing and/or walking for a total of six hours in an eight-hour workday with normal breaks. *Id.* The ALJ determined that Webster can frequently balance and occasionally climb, kneel, stoop, crouch, and crawl. *Id.* The ALJ also found that Webster cannot perform repetitive above-shoulder reaching with her left upper extremity or rapid, repetitive twisting of the lower trunk. Webster can perform mental work activities, but she cannot have more than occasional interaction with the general public or work as a caregiver. *Id.*

At step four, the ALJ found that this RFC prevents Webster from performing her past relevant work as a home attendant and resident care aide. Tr. 125. At step five, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids") and found that Webster is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 126. Because she relied on the Grids, the ALJ took administrative notice of the existence of other jobs in the national economy that Webster could perform. *Id.* (citing S.S.R. 83-46c, 1983 WL 31275, (S.S.A. 1983)). Accordingly, the ALJ concluded that Webster was not "disabled" under the Act. Tr. 126-27.

## II.     Analysis

Webster argues that remand is required because the Appeals Council erred when it declined to review her case.[3] ECF No. 9-1, at 21-23; ECF No. 13, at 1-6. Specifically, Webster asserts that the Appeals Council should have considered an updated lumbar spine MRI, which was taken after the ALJ's decision, because it is new, material, and relates to the period on or before the ALJ's decision. *Id.* Webster also argues that the Appeals Council should have reviewed her case because several medical records that it made part of the record render the

---

[3]     Webster advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 9-1, at 14-21. Because this Court disposes of this matter based on the Appeals Council's error, however, those arguments need not be reached.

ALJ's decision contrary to the weight of the evidence.  ECF No. 13, at 1-6.  The Commissioner argues that the Appeals Council did not err and that none of the newly submitted evidence provides a basis for changing the ALJ's decision.  ECF 12-1, at 25-26.

### A.    Lumbar Spine MRI Performed After the ALJ's Decision

Webster submitted medical records to the Appeals Council from Jones Memorial Hospital dated January 26, 2015, and August 11, 2014 to April 17, 2015.  Tr. 8-10, 11-94.  When the Appeals Council denied Webster's request for review, it stated that it had "looked at" the Jones Memorial Hospital medical records but that: "The [ALJ] decided your case through May 31, 2014.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before May 31, 2014."  Tr. 2.

When reviewing a denial of DIB, the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision.  20 C.F.R. § 404.970(b).

Here, the post-hearing evidence was clearly "new" because it did not exist until after the ALJ's decision and was not merely cumulative of other evidence in the record.  *Hollinsworth v. Colvin*, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016).  The evidence is also "material," because it could have influenced the Commissioner to decide the case differently.  In her decision, the ALJ relied on a lumbar spine MRI from April 19, 2011 and noted that the "diagnostic imaging showed some abnormalities, but not to such an extent that the abnormalities shown would explain [Webster's] pain complaints."  Tr. 121 (citing Tr. 415).  The ALJ also commented that Webster "alleged she could not function because of pain and loss of focus—yet the MRI of her lumbar spine showed relatively minor findings."  Tr. 122.

The January 26, 2015 lumbar spine MRI that was submitted to the Appeals Council notes a "comparison" date of April 19, 2011, which seems to indicate that no other lumbar spine MRIs were performed between April 19, 2011 and January 26, 2015.  Tr. 9.  The January 26, 2015 MRI notes that Webster has pain, weakness, and numbness that travels down her left leg.  *Id.*  The report concludes that there are "degenerative changes" at L3-L4, which showed a shallow disc bulge, facet arthropathy, and mild left foraminal stenosis, and at L4-L5, which showed facet arthropathy and moderate left foraminal stenosis.  *Id.*  This conflicts with the April 19, 2011 MRI—which the ALJ used to Webster's detriment—that noted mostly "unremarkable" findings and "no significant abnormalities."  Tr. 415.  Thus, the new MRI could undermine the ALJ's RFC determination and credibility assessment.  Tr. 113-25.

A more difficult question is whether the new evidence relates to the period on or before the ALJ's decision.  The Second Circuit has held that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing."  *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at \*8 (N.D.N.Y. Mar. 12, 2015) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)).  This is because "[e]xaminations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses."  *Carrera*, 2015 WL 1126014, at \*8 (citation omitted).  Thus, the Appeals Council's categorical refusal to consider new and material evidence solely because it was created after the ALJ's decision can constitute reversible error.  *Id.* (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the claimant's] claims.  To the contrary, the evidence directly supports many of her earlier contentions regarding [the]

condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought[.]") and *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (remanding to consider post-hearing diagnostic evidence suggesting that the claimant's impairment was substantially more severe than previously diagnosed)).

It is possible that the new evidence only demonstrates that Webster's back condition worsened with time, and thus it may be irrelevant to her condition during the time for which benefits were denied. It is also possible, however, that the new evidence clarifies a pre-hearing disability and suggests that Webster's back condition was more serious than previously thought during the relevant time period. Webster's first lumbar spine MRI was performed on April 19, 2011, which was almost three years before the ALJ rendered her decision on May 31, 2014. The second MRI was performed on January 26, 2015, just eight months after the ALJ's decision. Thus, it is highly likely that Webster's back condition was more serious than previously thought during the relevant time period and did not worsen suddenly in the eight months between the ALJ's decision and the second lumbar spine MRI.

A reviewing court cannot assess whether the new evidence relates to the period on or before the ALJ's decision. *Carrera*, 2015 WL 1126014, at *10. The Appeals Council's cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, is insufficient. *See* 20 C.F.R. § 404.976(b) ("If [the claimant] submit[s] evidence that does not relate to the period on or before the date of the [ALJ's] hearing decision, the Appeals Council *will explain why* it did not accept the additional evidence[.]) (emphasis added). Accordingly, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence. *See Bluman v. Colvin,* No. 15-CV-627-FPG, 2016 WL 5871346, at * (W.D.N.Y. Oct. 7, 2016) (remanding for reconsideration in light of new

evidence that the Appeals Council summarily rejected because it was created after the ALJ's decision); *Chavis v. Colvin*, No. 5:12-cv-1634 (GLS), 2014 WL 582253, at *3 (N.D.N.Y. Feb. 13, 2014) ("Because there is reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguably supported by substantial evidence, the Commissioner's decision is reversed and remanded for further administrative proceedings.") (internal quotation marks and citations omitted).

### B.    Medical Records that Predate the ALJ's Decision

Webster also argues that the Appeals Council erred by failing to find that medical records that she submitted, which predate the ALJ's hearing decision, affected the outcome of her case. ECF No. 13, at 1-6.  She contends that those documents along with the other evidence of record indicate that she would have had to take 105 sick days of off work for medical visits between July 15, 2010 (her amended alleged disability onset date) and May 31, 2014 (the ALJ's decision date), which averages about 2.3 days per month off of work.  ECF No. 13, at 1-6 (citing Tr. 665-712, 713-33).  Webster asserts that this evidence demonstrates that she cannot "maintain minimal standards of attendance" and that a vocational expert's opinion was necessary to determine whether this would prevent her from adjusting to full-time competitive work in the national economy.  ECF No. 13, at 4-5.

When the Appeals Council declined to review Webster's case, it stated that it "considered the reasons you disagree with the decision and the additional evidence," but "found that this information does not provide a basis for changing the [ALJ]'s decision."  Tr. 2.  Since the evidence was accepted and entered into the record, the Appeals Council apparently determined that the evidence was new, material, and related to the relevant time period.  *Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *4 (W.D.N.Y. July 18, 2013) (citations

omitted).   The Appeals Council was obligated to review the case if it found that the ALJ's "action, findings, or conclusion [wa]s contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

A reviewing court must consider the substantiality of the ALJ's decision in light of the evidence that the ALJ considered plus the additional evidence the Appeals Council accepted. *See Perez v. Chater*, 77 F.3d 41, 45-46 (2d Cir. 1996) ("When the Appeals Council denies review after considering new evidence, [the Court] simply review[s] the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary.").   If the additional evidence is consistent with the ALJ's findings, then the decision should be affirmed.   *See id.* at 47.   If the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded.   *See Brown v. Apfel*, 174 F.3d 59, 65 (2d Cir. 1999) (stating that conflicting evidence may indicate that the claimant's limitations were not sufficiently documented or worsened over time).

Here, the additional evidence that the Appeals Council accepted regarding numerous medical appointments undermines the ALJ's decision.   The ALJ's analysis did not discuss Webster's ability to maintain a regular work schedule and the RFC assessment does not account for any such limitation.   Tr. 113-25; 20 C.F.R. §§ 404.1545(b)-(c) (stating that the SSA will evaluate an individual's ability to work on a "regular and continuing basis").   Moreover, the ALJ repeatedly discounted Webster's credibility because she did not comply with prescribed treatment and the record did not substantiate her allegations of pain.   Tr. 115, 117-18, 121-23. The additional evidence shows that Webster had 24 appointments to receive trigger point

injections for pain treatment in the year leading up to the ALJ's decision (Tr. 665-721), and thus undermines the ALJ's assertion that Webster did not pursue treatment or suffer from pain.

For these reasons, Webster's claim should be reevaluated considering all the evidence relevant to determining her disability.  Accordingly, in light of the medical record before the ALJ and the records the Appeal Council accepted, this Court finds that the ALJ's decision was not supported by substantial evidence and that this matter must be remanded.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.


IT IS SO ORDERED.

Dated: October 19, 2016
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court