UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE L. WEBSTER,

                                        Plaintiff,                Case # 15-CV-859-FPG

v.                                                                  DECISION AND ORDER

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration,

                                        Defendant.
_____

       Michelle L. Webster brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On October 19, 2016, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings. ECF No. 14. Thereafter, the Court awarded Plaintiff's attorney, William C. Bernhardi, $4,640.25 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17.

       In June 2019, the SSA found Plaintiff disabled and awarded benefits. ECF No. 19-3 at 4-6. Subsequently, the SSA issued several Notices of Award—a SSI Notice of Award on July 11, 2019; a DIB Notice of Award on January 7, 2020; three child-benefits Notices of Award on May 13, 2020; and another two child-benefits Notice of Award on May 18, 2020.

       On June 2, 2020, Plaintiff moved for $17,500 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

       For the reasons that follow, Plaintiff's motion is GRANTED, Bernhardi is awarded $17,500 in fees, and Bernhardi shall remit the $4,640.25 in EAJA fees to Plaintiff.

       The Social Security Act provides that

1

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling

2

is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the benefits award"—"and, therefore, the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under these standards, Plaintiff's motion is timely. Although counsel first received a notice of award in July 2019, it was not until May 18, 2020 that all of the benefits awards had been calculated, and, therefore, it was not until that date that counsel could determine the maximum fee he could claim. *See Sinkler*, 932 F.3d at 88; *see also Hopkins v. Cohen*, 390 U.S. 530 (1968) (holding that 25% cap on fees is calculated by reference to claimant's and her family members' benefits). The deadline to file would therefore have been June 4, 2020—fourteen days from May 18, plus the extra three-day period set forth in Federal Rule of Civil Procedure 6(d). Because Plaintiff filed the motion on June 2, 2020, it is timely. And even if it were not, given that the delay was caused by the calculation of benefits, the Court would exercise its discretion to enlarge the filing period.

With that resolved, the Court turns to the merits. The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff and her family $141,439.22 in past due benefits and therefore counsel's request for $17,500 in fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff obtained remand with non-

boilerplate arguments, ECF Nos. 9, 13, which ultimately led to a favorable decision awarding her benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Bernhardi spent 23.9 hours in connection with the appeal to this Court. ECF No. 19-17 at 7. Dividing the $17,500.00 fee requested by 23.9 hours yields an hourly rate of $732.22. This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64).

Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff. ECF No. 19-17 at 7.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Plaintiff is awarded $17,500 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, he must remit the $4,640.25 in EAJA fees.

IT IS SO ORDERED.

Dated: July 1, 2020
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court